**In re Marcia Lynn BRITT, Debtor.**

**DAVID M. LANDIS, P.A., Plaintiff,**

**v.**

**Marcia Lynn BRITT, Defendant.**

**Bankruptcy No. 95–02790–6B7.
Adv. No. 95–246.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Feb. 8, 1996.

Robert H. Pflueger, Altamonte Springs, FL, for Debtor/Defendant.

David M. Landis, Orlando, FL, for Plaintiff.

## MEMORANDUM OPINION

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on a Motion for Summary Judgment by Plaintiff, David M. Landis, P.A. (Doc. 9). Appearing before the Court were Robert H. Pflueger, attorney for the Debtor, Marcia Lynn Britt ("Britt"); and David M. Landis, attorney for David M. Landis, P.A. ("Landis"). After reviewing the motion for summary judgment, the response in opposition, arguments of counsel, and authorities for their respective positions, the Court makes the following Findings of Fact and Conclusions of Law.

### FINDINGS OF FACT

Britt filed for relief under Chapter 7 of the Bankruptcy Code on June 2, 1995. Landis is listed on Britt's Schedule F as a creditor holding an unsecured nonpriority claim. On August 28, 1995, Landis initiated this adversary proceeding by filing a Complaint Objecting to Dischargeability of Debt pursuant to 11 U.S.C. §§ 523(a)(2)(A), (a)(4) and (6).

Britt was employed as an office manager and bookkeeper at Lawrence, Landis & Morgan, P.A. ("LLM") from December 1991 through December 1993. Although Britt did not have signatory authority, Britt maintained control and possession of the checks for all bank accounts at LLM. During Britt's employment at LLM, Britt forged numerous checks on LLM bank accounts appropriating $19,723.02 in funds.

By letter dated May 18, 1994, Landis provided Britt with a written demand for payment of funds totalling $59,169.06 pursuant

to Florida Statute 772.11. (Doc. 10, Ex. A). Britt did not comply with the demand.

Landis' actual damages total $19,723.02. Britt misappropriated the funds for her own use and benefit and with the intent to deprive LLM of the funds. Britt's conduct constitutes embezzlement and is nondischargeable pursuant to 11 U.S.C. § 523(a)(4). Pursuant to Florida Statute 772.11, Landis is entitled to $59,169.06 which is threefold its actual damages, a reasonable attorney's fee, and costs.

## CONCLUSIONS OF LAW

■ Federal Rule of Civil Procedure 56, made applicable to adversary proceedings pursuant to Federal Bankruptcy Rule 7056, provides that the court may grant summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. *In re Schiltz*, 97 B.R. 671, 672 (Bankr. N.D.Ga.1986). The burden is on the movant to show that he is entitled to summary judgment. *Id.*

The issues before the Court are: (1) whether Britt's debt to Landis is excepted from discharge pursuant to § 523(a)(2)(A), (a)(4) and (6); and (2) whether Landis is entitled to a final nondischargeable judgment for threefold its actual damages pursuant to Florida Statute 772.11.

■ Section 523(a)(4) of Title 11 provides that any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny is nondischargeable. 11 U.S.C. § 523(a)(4). Landis bears the burden of proof by a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991). Embezzlement is defined as "the fraudulent appropriation of property by a person to whom such property has been entrusted, or into whose hands it has lawfully come." *Faw v. Wiles (In re Wiles)*, 166 B.R. 975, 980 (Bankr.M.D.Fla. 1994) (citing *In re Kelley*, 84 B.R. 225, 231

(Bankr.M.D.Fla.1988), quoting *Moore v. United States*, 160 U.S. 268, 16 S.Ct. 294, 40 L.Ed. 422 (1895)). To prevail on a claim of embezzlement, plaintiff must prove fraudulent intent. *Id.* Proof of a fiduciary relationship is not necessary. *General Elec. Capital Corp. v. Pickett (In re Pickett)*, 150 B.R. 812, 814 (Bankr.M.D.Fla.1992).

In her position as office manager and bookkeeper, Britt fraudulently appropriated $19,723.02 in funds by forging checks on LLM's bank accounts. Landis is entitled to actual damages in the amount of $19,723.02. Because Britt had the specific intent to deprive LLM of the funds for her own use and benefit, Britt's misappropriation of the funds constitutes embezzlement pursuant to § 523(a)(4). Although Landis need only prove nondischargeability by a preponderance of the evidence, Landis' proof of embezzlement amounts to clear and convincing evidence.

■ Moreover, Landis is entitled to treble damages pursuant to Florida Statute 772.11.[1] *See* Fla.Stat.Ann. § 772.11 (West Supp.1995) (providing civil remedy for theft). Landis has complied with the prerequisites of § 772.11. Therefore, the Court awards Landis treble damages in the amount of $59,169.09.

As a result of Britt's embezzlement, Britt's debt of $59,169.09 to Landis is excepted from discharge under § 523(a)(4). The Court finds the treble damage award nondischargeable on the basis of the Eleventh Circuit decision of *St. Laurent v. Ambrose (In re St. Laurent)*, 991 F.2d 672 (11th Cir.1993). In *St. Laurent*, the Court of Appeals emphasized that the term debt should be read in a broad and expansive manner and held that "punitive damage awards flowing from the same course of fraudulent conduct necessitating an award of compensatory damages are not dischargeable in bankruptcy under § 523(a)(2)(A)." *Id.* at 678. The *St. Laurent* court further found that its holding comport-

---

1. Section 772.11 provides, in pertinent part:
   Any person who proves by clear and convincing evidence that he has been injured in any fashion by reason of any violation of the provisions of ss. 812.012–812.037 has a cause of action for threefold the actual damages sus-

   tained and, in any such action, is entitled to minimum damages in the amount of $200, and reasonable attorney's fees and court costs in the trial and appellate courts.
   Fla.Stat.Ann. § 772.11 (West Supp.1995).

ed with the fresh start policy for honest but unfortunate debtors. *Id.* at 680.

Although the Eleventh Circuit did not address § 523(a)(4) in the *St. Laurent* case, the Court finds the Eleventh Circuit's rationale equally applicable to the case at hand. *See Fallas v. Schwager (In re Schwager),* 178 B.R. 106, 112 (Bankr.S.D.Tex.1995) (concluding that the reasoning of *St. Laurent* applied to exemplary damages and § 523(a)(4)). Clearly, the treble damage award flows from Britt's fraudulent appropriation of the $19,-723.02 in funds. To allow discharge of the treble damage award would allow Britt a discharge from damages based on her fraudulent conduct and would run counter to the Bankruptcy Code's fresh start policy.

Finally, the Court awards Landis a reasonable attorney's fee and court costs pursuant to § 772.11 of the Florida Statutes. Because Britt's embezzlement is sufficient to except the debt owed to Landis from discharge, the Court need not address §§ 523(a)(2)(A) and (a)(6). Based on the foregoing, the Motion for Summary Judgment is due to be granted.