In re Patrick A. PADGETT, Debtor.

W. Sharon Parker, Plaintiff,

v.

Patrick A. Padgett, Defendant.

Bankruptcy No. 98–07945–3F7.
Adversary No. 99–53.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

May 18, 1999.

W. Sharon Parker, Jacksonville, FL, pro se.

Edward P. Jackson, Jacksonville, Florida, for defendant.

Valerie Hall Manuel, Jacksonville, FL, Chapter 7 Trustee.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

JERRY A. FUNK, Bankruptcy Judge.

This proceeding is before the Court on a Complaint Seeking Exception to Dischargeability filed by W. Sharon Parker ("Plaintiff") on February 17, 1999. (Doc. 1.) Patrick Arthur Padgett ("Defendant") filed an answer to Plaintiff's complaint on April 13, 1999. (Doc. 6.) A trial was conducted on May 13, 1999. Upon the evidence presented, the Court makes the following findings of fact and conclusions of law.

### FINDINGS OF FACT

The facts of this case are not in dispute. On March 31, 1988, Defendant executed a promissory note in favor of Plaintiff in the amount of $6,000.00. That note provided that:

> PAT PADGETT [Defendant] is authorized to apply proceeds to the purchase

of boats as an investment for profit, however, he understands that he will be responsible for payment of the Six Thousand and no/100 Dollars ($6,000.00) with no interest due if no profit is derived with said investments.

Plaintiff filed a complaint in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida in 1990 based on Defendant's failure to comply with terms of the promissory note. The state court complaint alleged counts of fraud and deceit, obtaining money by false pretense under Florida Statutes, Chapter 817, and breach of contract.[1]

On July 2, 1991, a Final Judgment was entered in the Circuit Court, Fourth Judicial Circuit, in and for Duval County, Florida. That Judgment provides [2]:

> This action was tried before the Court. The Defendant was notified of the trial date and time, but failed to appear. On the evidence presented, the Court finds that Plaintiff, W. SHARON PARKER, sustained actual damages in the amount on Four Thousand Fifty Dollars ($4,050.00) and is entitled to recover treble damages, attorneys' fees and costs by reason of her cause of action for civil theft pursuant to § 772.11 and § 812.14(sic), Florida Statutes.
>
> Accordingly,
>
> IT IS ADJUDGED that Plaintiff, W. SHARON PARKER, recover from Defendant, PAT PADGETT, a/k/a PATRICK ARTHUR PADGETT, individually and doing business as PADGETT CUSTOM BOATS, damages in the amount of Twelve Thousand One Hundred Fifty Dollars ($12,150.00), interest to the date of this Judgement in the amount One Thousand Twenty One Dollars and Eleven Cents ($1,021.11), attorneys' fees in the amount of Five Thousand Dollars ($5,000.00) and costs in the amount of One Hundred Seven Dollars and Fifty Cents ($107.50), for the total amount of Eighteen Thousand Two Hundred Seventy Eight Dollars and Seventy One Cents ($18,278.71), that shall bear interest at the rate of Twelve Percent (12%) a year, for which let execution issue.

Plaintiff seeks to except from discharge pursuant to Section 523(a)(4) and (6) of the Bankruptcy Code the amount still owed under this Final Judgment. Defendant did not contest that a judgment should be entered in favor of Plaintiff in this action.

### CONCLUSIONS OF LAW

The issues before the Court are dependent upon the collateral estoppel effect of the state court judgment. In *Grogan v. Garner*, the Supreme Court held that collateral estoppel does apply to discharge exception proceedings under 11 U.S.C. § 523(a). 498 U.S. 279, 285 n. 11, 111 S.Ct. 654, 658 n. 11, 112 L.Ed.2d 755 (1991). The Eleventh Circuit requires four factors to be met before collateral estoppel applies to preclude the relitigation of facts. *Bush v. Balfour Beatty Bahamas, Limited (In re Bush)*, 62 F.3d 1319 (11th Cir.1995). Those factors are: (1) the issue at stake must be identical to the issue involved in the prior litigation, (2) the issue must have been actually litigated in the prior suit, (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in that litigation, and finally, (4) the burden of persuasion in the current proceeding must not be significantly heavier than the burden of persuasion in the initial action. *Id.* at 1322.

---

**1.** The Final Judgment is not based on counts alleged in Plaintiff's state court complaint. However, this Court will not second-guess the relief granted by the state court.

**2.** The Final Judgment mistakenly cites Florida Statutes § 812.14 titled "Trespass and larceny with relation to utility cable or cable television fixtures." This Court deems the state court final judgment as intending the correct cite to be Florida Statutes § 812.014 titled "Theft."

For collateral estoppel to apply in the case at hand, the Court must first find that the issues in this proceeding are identical to the issues before the state court. Plainly, the issue before this Court is whether the debt incurred by Defendant through the final judgment is nondischargeable under Section 523(a)(4) or (a)(6) of the Bankruptcy Code. Section 523 of the Bankruptcy Code provides that:

A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;

(6) for willful and malicious injury by the debtor to another entity or to the property of another entity;

11 U.S.C. § 523(a)(4) and (6) (1998).

This Court finds the final judgment is based on causes of action sufficiently aligned with Section 523(a)(4) of the Bankruptcy Code as to satisfy the elements of that subsection. The Court holds, therefore, that the issues at bar pursuant to Plaintiff's claims under Section 523(a) and the issues before the state court are identical, satisfying prong one.

The Court will note that the decision to except from Defendant's discharge the amount still owed on the debt due under the state court Final Judgment is based on Section 523(a)(4) and not on Section 523(a)(6) of the Bankruptcy Code. The Supreme Court recently clarified the meaning of Section 523(a)(6), stating:

The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury. Had Congress meant to exempt debts resulting from unintentionally inflicted injuries, it might have described instead "willful acts that cause injury." Or, Congress might have selected an additional word or words, i.e., "reckless" or

"negligent," to modify "injury." Moreover, as the Eighth Circuit observed, the (a)(6) formulation triggers in the lawyer's mind the category "intentional torts," as distinguished from negligent or reckless torts. Intentional torts generally require that the actor intend "the consequences of an act," not simply "the act itself."

*Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998). The evidence before the Court and the issues previously litigated in state court do not meet the requirements to except this debt under Section 523(a)(6). However, the state court findings of liability under Florida Statutes § 812.014 and § 772.11 satisfy the requirements of Section 523(a)(4). *See Landis v. Britt (In re Britt)*, 200 B.R. 409 (Bankr.M.D.Fla.1996) (Briskman, J.).

The second part of the collateral estoppel test requires that the issues were actually litigated before the prior court. The Court finds from the facts and final judgment that the essential issues were fully litigated in state court and that prong two is satisfied. This Court finds support in the holding of *Jones v. Wilson (In re Wilson)*, 72 B.R. 956, 959 (Bankr.M.D.Fla. 1987). Judge George L. Proctor determined, in that case, that the bankruptcy court was estopped from re-litigating a claim of fraud previously adjudicated. Judge Proctor stated, "[I]t would be undeserved to give debtor/defendant a second bite at the apple when he knowingly chose not to defend himself in the first instance." *Id.* at 959.

The third prong requiring that the issue in the prior litigation was a critical and necessary part of the judgment is easily established. The issues are exactly the same. This proceeding is based on the same set of facts supporting the adjudication in the state court. The state court found Defendant's actions satisfactory to resolve all material issues in that case in favor of Plaintiff. Therefore, the Court finds the third prong to establish collateral estoppel satisfied.

The final prong concerns the weight of the burdens of persuasion. The Supreme Court has concluded that "the standard of proof for the dischargeability exceptions in 11 U.S.C. § 523(a) is the ordinary preponderance-of-the-evidence standard." *Grogan v. Garner*, 498 U.S. 279, 111 S.Ct. at 661. The standard under Florida Statute § 772.11 is clear and convincing evidence. This standard exceeds the standard necessary to except a debt under Section 523 of the Bankruptcy Code. Accordingly, the Court finds this last prong satisfied.

 Concerning the issue of excepting damages which have been trebled, the Court relies on the Supreme Court's recent decision in *Cohen v. De La Cruz*, 523 U.S. 213, 118 S.Ct. 1212, 140 L.Ed.2d 341 (1998). The Supreme Court interprets section 523(a)(2)(A) as preventing "discharge of all liability arising from fraud, and that an award of trebled damages therefore falls within the scope of the exception." 523 U.S. at 1215, 118 S.Ct. 1761. *See also Landis v. Britt (In re Britt)*, 200 B.R. 409 (finding entitlement to treble damages under Florida Statutes § 772.11 to be nondischargeable under Section 523(a)(4) of the Bankruptcy Code). Under this holding, the Court finds an exception of the full amount owed under the final judgment to be in order.

### *CONCLUSION*

This Court finds that it is collaterally estopped to determine liability and the extent of damage to Plaintiff. The issues presented were the same issues previously adjudicated in the case before the state court. The issues were actually litigated in the prior case where the determination of the issues was a critical and necessary part of the Final Judgment entered by the state court. Finally, the burden of persuasion in the current proceeding is not significantly heavier than the burden of persuasion in the state court action. This Court need not look beyond the factual findings and conclusions made by the state court as to the issues of liability and the extent of damages and finds no issues concerning the non-dischargeability of this debt under 11 U.S.C. § 523. A separate Judgment will be entered in accordance with these findings of fact and conclusions of law.