In the Matter of Brett M.
HARKINS, Debtor.

Chevy Chase Bank, FSB, Plaintiff,

v.

Brett M. Harkins, Defendant.

Bankruptcy No. 02–55794 RFH.
Adversary No. 03–5046.

United States Bankruptcy Court,
M.D. Georgia,
Macon Division.

Dec. 22, 2003.

Emmett L. Goodman, Jr., Macon, GA, for Plaintiff.

Kirby R. Moore, Macon, GA, for Defendant.

## MEMORANDUM OPINION

ROBERT F. HERSHNER, JR., Chief Judge.

Chevy Chase Bank, FSB, Plaintiff, filed on August 12, 2003, a motion for summary judgment. Brett M. Harkins, Defendant, filed a response on September 15, 2003. The Court, having considered the record, the affidavits, and the arguments of counsel, now publishes this memorandum opinion.

Defendant was the president of and operated an automobile dealership known as Brett Harkins, Inc., d/b/a Brett Harkins Chevrolet (hereafter "Harkins Chevrolet".) Harkins Chevrolet sold automobiles to the public. Some customers financed their purchases by signing retail installment contracts in favor of Harkins Chevrolet. Plaintiff and Harkins Chevrolet entered into a Retail Sales Financing Agreement. Plaintiff agreed to purchase from Harkins Chevrolet certain retail installment contracts arising from the sales of new and used automobiles.

Harkins Chevrolet, in February of 2001, represented that it had sold certain automobiles. Harkins Chevrolet received $47,302.90 from Plaintiff. Harkins Chevrolet was unable to provide Plaintiff with the retail installment contracts and supporting loan documents.[1] Harkins Chevrolet failed to return the $47,302.90 to Plaintiff.

Plaintiff filed on April 11, 2001, a complaint in state court to recover the $47,302.90 plus attorney's fees and interest. The complaint names Defendant and

---

1. Defendant contends that the customers either decided to purchase different automobiles, obtained financing elsewhere, or did not complete the purchases.

Harkins Chevrolet as defendants. Count One of the complaint alleges a breach of contract. Count Two alleges that Defendant and Harkins Chevrolet committed fraud and made false representations. Defendant and Harkins Chevrolet filed a response on June 8, 2001.

Plaintiff, in the state court action, served a request for admissions and a request for production of documents. Defendant and Harkins Chevrolet filed a response to Plaintiff's request for admissions. Defendant and Harkins Chevrolet failed to respond to Plaintiff's request for production of documents. Plaintiff filed on September 4, 2001, a motion for sanctions for failure to make discovery. The motion came on for hearing before the state court on October 12, 2001. Counsel for Plaintiff and counsel for Defendant and Harkins Chevrolet were present. The state court entered an order striking Defendant's and Harkins Chevrolet's response to the complaint. The state court on October 16, 2001 entered a judgment by default in favor of Plaintiff. The order was prepared by Plaintiff's counsel. The order states that John P. Harrington, counsel for Defendant and Harkins Chevrolet, represented to the state court that he had made numerous attempts to contact his clients concerning Plaintiff's request for the production of documents. The order states that Mr. Harrington represented that his clients had been non-responsive and had begun to refuse to return counsel's telephone calls. The order states that Mr. Harrington represented that he had advised his clients of the legal significance of a failure to respond to discovery. The state court found "that there has been a complete and total failure on the part of the defendants to respond to plaintiff's lawful and properly served First Request for Production of Documents...." The state court stated that "by reason of defendants' default, [the court] hereby affirmatively finds that the actions of [the defen-

dants] constituted a fraud on the plaintiff, as specifically alleged, in Count Two of plaintiff's Complaint." The state court entered judgment, jointly and severally, against Defendant and Harkins Chevrolet in the amount of $47,302.90 plus attorney's fees and interest. A writ of fieri facias for $47,302.90 plus attorney's fees and interest was issued on October 18, 2001.

Defendant filed a petition under Chapter 7 of the Bankruptcy Code on December 18, 2002. Plaintiff filed on March 24, 2003, an adversary proceeding contending that Defendant's obligation is nondischargeable under subsections 523(a)(2)(A), (4), and (6) of the Bankruptcy Code. Defendant filed a response on April 23, 2003.

Plaintiff filed a motion for summary judgment on August 12, 2003. Plaintiff contends that under collateral estoppel principles, the state court's order affirmatively finding that Defendant had committed fraud may be used to establish conclusively the elements of fraud in this adversary proceeding. Defendant filed a response on September 15, 2003.

Defendant submits the affidavit of his counsel in the state court action, John P. Harrington. Mr. Harrington states that, at the state court hearing, no evidence was presented by Plaintiff's counsel concerning the allegations set forth in Plaintiff's complaint. Mr. Harrington states that he represented to the state court that he was having difficulty contacting his client because Defendant was no longer at his former business location. Mr. Harrington represented to the state court that Defendant had been responsive to him because there were several pending lawsuits against Defendant and Harkins Chevrolet. Mr. Harrington states that he advised Defendant to file bankruptcy and abandon his defenses in the state court action because there was no need to incur additional expenses when filing bankruptcy was inevitable.

Defendant, in his affidavit, states that he was unable to produce the requested discovery documents because he no longer had physical control of or access to his former business location (Harkins Chevrolet) and its business records. Defendant states that his counsel, Mr. Harrington, advised him to file for bankruptcy relief which would terminate the state court action. Defendant states that he contacted an attorney who began preparing his bankruptcy petition.

In *Bush v. Balfour Beatty Bahamas, Limited (In re Bush),*[2] the Eleventh Circuit Court of Appeals held that a default judgment based upon allegations of fraud may be used to establish conclusively the elements of fraud in a bankruptcy dischargeability proceeding and prevent the discharge of the judgment debt. In footnote number 8, the circuit court stated:

> We note that whether to allow issue preclusion is within the sound discretion of the trial court. *Parklane Hosiery Company, Inc. v. Shore,* 439 U.S. 322, 331, 99 S.Ct. 645, 651–52, 58 L.Ed.2d 552 (1979). The presence of mitigating factors in another case might cause a court to exercise discretion to deny preclusion to a default judgment even if the doctrine's formal elements are otherwise met. In some cases, the amount of money at stake or the inconvenience of the forum might disincline a defendant to offer a defense. In the case of such an "ordinary" default, a subsequent court might decline to allow preclusion....

62 F.3d at 1325, n. 8.

The Court is not persuaded that collateral estoppel should apply to the state court default judgment to establish Defendant's alleged fraud. The Court is not persuaded that Defendant "engaged in dilatory and deliberately obstructive conduct" in the state court proceedings. *Bush,* 62 F.3d at 1324. Defendant was acting on the advice of counsel who advised that filing bankruptcy was inevitable. Defendant responded to Plaintiff's request for admission. Defendant states that he was unable to produce the documents requested by Plaintiff because he no longer had physical control of or access to his former business location and its business records.

The Court further notes that Plaintiff's counsel prepared the order signed by the state court judge that struck Defendant's response in the state court action and awarded Plaintiff a default judgment.[3] When the Court considers the affidavit of Mr. Harrington, Defendant's counsel in the state court action, the Court can only conclude that collateral estoppel should not apply to give issue preclusion to the state court judgment.

An order in accordance with this memorandum opinion will be entered this date.

---

**2.** 62 F.3d 1319 (11th Cir.1995).

**3.** The hearing before the state court judge was on October 12, 2001 and the order prepared by Plaintiff's counsel was signed by the state court judge on October 16, 2001.