**In re Wayne BARBER, Debtor.**

**William Bass, Carolyn Burgess, and Haven Hill Estates Plaintiffs,**

**v.**

**Wayne Barber, Defendant.**

**Bankruptcy No. 03–71139.
Adversary No. 03–7062.**

United States Bankruptcy Court,
M.D. Georgia,
Valdosta Division.

Aug. 17, 2004.

John E. Dalton, Jr., Valdosta, GA, for Plaintiffs.

David E. Mullis, Kelley, Lovett, Mullis & Blakey, Valdosta, GA, for Defendant.

## MEMORANDUM OPINION

JOHN T. LANEY, III, Bankruptcy Judge.

On June 29, 2004, a Final Pre–Trial Conference was held in the Adversary Proceeding No. 03–7062, William Bass, Carolyn Burgess, and Haven Hill Estates ("Plaintiffs") versus Wayne Barber ("Defendant"). The complaint in the adversary proceeding was to determine the dischargeability of a debt. Plaintiffs conceded that, while they did have a state court default judgment against Defendant, collateral estoppel did not apply to whether the judgment was non-dischargeable. However, Plaintiffs contended that if this Court were to find in favor of Plaintiffs, as to the non-dischargeable nature of the debt, collateral estoppel would apply to the amount of damages. Thus, the state court default judgment would be determinative of the amount of the non-dischargeable debt. Both parties were asked to submit briefs on the issue. The Court has considered the parties' briefs, as well as applicable case law. Based on the reasons set forth in this Memorandum Opinion, the Court finds that collateral estoppel would not apply to the amount of the judgment. Therefore, the state court judgment would not be determinative of the amount of the non-dischargeable debt should the Court find in favor of Plaintiffs.

## BACKGROUND INFORMATION

In May 2000, Defendant was hired to provide paving services at Haven Hill Estates Subdivision in Norman Park, Georgia. An agreement was reached and reduced to writing. In exchange for the paving services and materials necessary to complete the job, Defendant was to be paid $60,000. On or about May 18, 2000, Defendant informed Plaintiffs that he had completed the job. Plaintiffs contend that Defendant was paid but that Defendant did not complete the job as specified in the agreement. Defendant does not dispute that a "prime coating" was not laid down as part of the paving services he rendered. However, Defendant contends that the agreement was altered orally. Defendant contends that he completed all services as agreed upon in the orally modified agreement.

On April 25, 2002, Plaintiffs filed suit against Defendant in the Superior Court of Cook County, Georgia. Plaintiffs' complaint alleged fraud, breach of contract, breach of warranty, and negligent construction. Additionally, Plaintiffs asked for $31,430 for the repair of the allegedly defective paving, $3,500 for loss of rental income, $250,000 in punitive damages, as well as attorneys fees and costs. Defendant concedes that he received notice of the lawsuit, did not file a response to the complaint, and the lawsuit went into default. After the bar date passed to reopen the default, the Superior Court of Cook County held a hearing on damages. No evidence has been presented to this Court on whether Defendant received notice of the hearing on damages. The court entered a judgment for Plaintiffs against Defendant in the amount of $40,474.50 in actual damages and $50,000 in punitive damages.

Defendant contends that his financial condition was deteriorating at the time of the state court litigation and he was advised by his defense counsel to file for bankruptcy protection, rather than incur the cost of the litigation. Defendant subsequently filed for bankruptcy protection under Chapter 7 of the United State Bankruptcy Code ("Code") on July 17, 2003. This adversary proceeding was filed on October 9, 2003.

### CONCLUSIONS OF LAW

When deciding whether collateral estoppel applies to an issue, this Court must apply the law of the state in which the judgment was entered. *See In re St. Laurent*, 991 F.2d 672, 675–676 (11th Cir. 1993); *Sterling Factors, Inc. v. Whelan (In re Whelan)*, 236 B.R. 495, 501 (Bankr. N.D.Ga.1999). Under Georgia law, three elements must be present for collateral estoppel to apply. *See Kent v. Kent*, 265 Ga. 211, 212, 452 S.E.2d 764, 766 (Ga.1995). First, the Court must determine whether the issue is identical to issue already resolved in the state court. *See id.* Second, the Court must look to see whether the issue was "actually and necessarily" litigated in the state court case. *Id.* Third, the Court must decide whether the resolution of the issue was essential to the state court case. *See id.*

Plaintiffs concede that collateral estoppel is not applicable as to the issue of whether the state court judgment is non-dischargeable. However, Plaintiffs attempt to distinguish the issue of the amount of the state court judgment because an evidentiary hearing was held on the issue of damages, the court considered the evidence, and the court entered a judgment in a dollar amount that was different from Plaintiffs' prayer for relief.

In support of this proposition, in addition to other authority on collateral estoppel and fraud, Plaintiffs' submitted one unpublished opinion and one published opinion written by the Chief Bankruptcy Court Judge in this District. *Jackson v. Hensley (In re Hensley)*, No. 95–51784, A.P. No. 95–5068 (Bankr.M.D.Ga. Oct. 4, 1996) (Hershner, C.J.); *Fincher v. Holt (In re Holt)*, 173 B.R. 806 (Bankr.M.D.Ga. 1994) (Hershner, C.J.). In *Hensley*, during the state court proceeding, the debtor actively participated in pre-trial motions and hearings but failed to show up on the day of the trial. *Hensley*, slip op. at 2–3. In *Holt*, the debtor filed the complaint in the state court proceeding but failed to respond to a motion for summary judgment and requests for admissions filed by the opposing party. *Holt*, 173 B.R. at 811. The state court dismissed the debtor's complaint, granted summary judgment to the opposing party on two of her three counterclaims, and went on to conduct a trial on the third counterclaim against the debtor. *See id.* The debtor failed to show up on the day of trial. *See id.* In both *Hensley* and *Holt*, the state courts heard and considered evidence prior to entering the judgments against the debtors. *Hensley*, slip op. at 3; *Holt*, 173 B.R. at 811–812. In both cases, the bankruptcy court determined that collateral estoppel applied to the issues before the court and did not conduct a separate trial as to the non-dischargeability of the state court judgment. *See Hensley*, slip op. at 15; *Holt*, 173 B.R. at 816–818. Thus, in both cases, the court declared the state court judgments, except for attorneys fees in the *Holt* case, to be non-dischargeable. *See id.*

In response, Defendant submitted a case, also decided by Chief Judge Hershner, in which the court ruled that collateral estoppel did not apply because the debtor did not engage "in dilatory and deliberately obstructive conduct" in the state court proceeding, despite the fact that he had participated in the proceeding prior to the default judgment being entered. *Chevy Chase Bank, FSB v. Harkins (In re Harkins)*, 302 B.R. 927, 929 (Bankr.M.D.Ga. 2003); *Hensley*, slip op. at 1; *Holt*, 173 B.R. at 808. In *Harkins*, the debtor claimed to have relied on the advice of counsel when he did not respond to the request for admissions because he was preparing to file for bankruptcy. *Harkins*, 302 B.R. at 929. The state court

struck the debtor's answer and entered a default judgment against the debtor. *See id.* at 928. The state court did not hear evidence to determine the amount of damages prior to entering the order which set the amount of the default judgment. *See id.*

The case before this Court is different from the three cases cited by the parties. In those cases, the debtors participated in the state court actions. *See id.; Hensley,* slip op. at 2; *Holt,* 173 B.R. at 811. In the two cases cited by Plaintiffs, collateral estoppel was applied when an evidentiary hearing occurred after the debtors participated extensively in the state court proceeding but failed to attend the trial. *See Hensley,* slip op. at 3; *Holt,* 173 B.R. at 811. In the case cited by Defendant, collateral estoppel was not applied when an evidentiary hearing was not held. *See Harkins,* 302 B.R. at 928.

■ The case before this Court lies some where in between the two scenarios presented by the parties. Here, Defendant did not answer the state court complaint and the case went into default. However, a hearing was held on damages and evidence was heard by the state court, prior to the court's entering a judgment in a specific amount against Defendant. Plaintiffs concede that collateral estoppel does not apply to the issue of non-dischargeability of the state court judgment. Plaintiffs have failed to direct the Court to authority which supports their position that collateral estoppel should apply to the amount of the state court judgment because the state court held an evidentiary hearing to set the amount, prior to entering the judgment against Defendant, when it concededly does not apply to substantive liability issues.

The Court is persuaded that the situation in this case is more like the one in

*Harkins,* where the court did not apply collateral estoppel to the state court judgment. *Id.,* 302 B.R. at 929. The Court reaches this conclusion because, while there was a hearing after which the state court determined the amount of the damages, there was no hearing to determine if Defendant was liable. Instead, the substantive liability issue was determined by default. Therefore, the issue of Defendant's liability was not "actually and necessarily" litigated in the state court. *Kent,* 265 Ga. at 212, 452 S.E.2d at 766. Some courts do reason that a debtor cannot blatantly ignore a state court proceeding, then get a "second bite at the apple" in a bankruptcy proceeding. *Bush v. Balfour Beatty Bahamas, Ltd (In re Bush),* 62 F.3d 1319, 1324 (11th Cir.1995); *see also Jones v. Wilson (In re Wilson),* 72 B.R. 956, 959 (Bankr.M.D.Fla.1987). However, Defendant acted on advice of counsel when he chose to allow the lawsuit to go into default and file for bankruptcy protection, rather than incur the cost of litigation. The Court is not persuaded that Debtor did anything deliberate that could be considered an abuse of the judicial process. *See Bush,* 62 F.3d at 1324.

Therefore, the Court will not apply collateral estoppel to the issue before the Court. If the Court should find in favor of Plaintiffs and against Defendant on the issue of non-dischargeability, collateral estoppel will not establish the amount of any non-dischargeable judgment. An order in accordance with this Memorandum Opinion will be entered.