**In re William M. GURLEY, Debtor.**

**Cheryl Jane Followell, as Executrix of the Estate of Betty Jean Gurley, and William M. Gurley, Plaintiffs,**

v.

**United States of America, Defendant.**

**Bankruptcy No. 6:95–bk–03833–ABB.**
**Adversary No. 6:06–ap–00121–ABB.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

Nov. 22, 2006.

Robert H. Pflueger, Robert H. Pflueger PA, Altamonte Springs, FL, Robert L. Young, Carlton Fields PA, Orlando, FL, for Debtor.

### *ORDER*

ARTHUR B. BRISKMAN, Bankruptcy Judge.

This matter came before the Court on the Motion to Dismiss (Doc. No. 4) ("Motion") filed by the Defendant United States of America through its agency the Environmental Protection Agency ("EPA" or "Defendant") seeking dismissal of the Complaint (Doc. No. 1) ("Complaint") filed by Cheryl Jane Followell, as Executrix of the Estate of Betty Jean Gurley, and William M. Gurley, the Plaintiffs herein (collectively, the "Plaintiffs"). A hearing on the Motion was held on September 19, 2006 at which counsel for the parties appeared. The parties were granted leave to submit supplemental legal memoranda and proposed findings of fact and conclusions of law in support of their positions.[1] The

---

1. The Plaintiffs filed a Supplemental Memorandum in Opposition to Defendant's Motion to Dismiss (Doc. No. 15) and the parties each filed proposed orders in support of their respective positions.

Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings and evidence, hearing live argument, and being otherwise fully advised in the premises.

## FINDINGS OF FACT

### Case Background

William M. Gurley ("Mr. Gurley" or the "Debtor") filed a Chapter 7 bankruptcy petition on July 26, 1995 and George E. Mills, Jr. is the Chapter 7 Trustee ("Trustee"). The Debtor's wife Betty Jean Gurley ("Mrs. Gurley") filed an individual Chapter 11 in the United States Bankruptcy Court for the Western District of Tennessee, Western Division ("Tennessee Bankruptcy Court"), on October 28, 1997.[2] Mrs. Gurley died on May 2, 2003. Cheryl Jane Followell ("Followell"), who is Mr. and Mrs. Gurley's daughter, is the Executrix of Mrs. Gurley's probate estate.

Mr. and Mrs. Gurley's bankruptcy filings were precipitated by actions instituted by the EPA against the Gurleys in 1987 and 1992 pursuant to CERCLA for past and future response costs relating to the clean-up of environmentally hazardous materials at two sites in Arkansas referred to as the Edmonson Site and the South 8th Street Site.[3] The parties have been embroiled in contentious litigation for almost two decades, litigating in a number of federal courts with appeals taken to the Sixth, Eighth, and Eleventh Circuit Courts of Appeals.

Mr. Gurley's bankruptcy case has been intensely litigious. The litigation centerpiece was the Trustee's adversary proceeding to determine property of the estate and recover assets transferred, or purportedly transferred, by Mr. Gurley to Mrs. Gurley. The Trustee's action was consolidated with the objection to discharge instituted by the Defendant against Mr. Gurley.[4] A Memorandum Opinion, Judgment, and Amended Judgment were entered in 1997 (collectively, the "Trustee Judgment") in favor of the Trustee and the EPA.[5] The Trustee Judgment: (i) denied Mr. Gurley's discharge; (ii) concluded Mr. Gurley's alleged gift of Moltan Co. to his wife was ineffective; (iii) found the bankruptcy estate includes the approximately $17 million in assets, including Moltan Co., Mr. Gurley supposedly transferred to his wife (but no transfer actually occurred); and (iv) granted the Trustee authority to recover any assets fraudulently transferred prior to April 1990.[6]

**2.** Mrs. Gurley's case is captioned *In re Betty Jean Gurley,* Case No. 97–35255, Chapter 11. The related adversary proceedings involving the Trustee in the Tennessee Bankruptcy Court are: *Betty Jean Gurley v. George E. Mills, Jr., Trustee,* Adv. Pro. No. 97–01253 and *Followell v. Mills,* Adv. Pro. No. 04–00335.

**3.** The Comprehensive Environmental Response, Compensation, and Liability Act, found at 42 U.S.C. § 9601, *et seq.,* is commonly known as "Superfund." The law created a tax on the chemical and petroleum industries and provided Federal authority to respond to releases or threatened releases of hazardous substances. Mr. Gurley was the president and shareholder of Gurley Refining Company which re-refined used oil for resale. The re-

fining process created an oily residue byproduct that GRC disposed of at various sites.

**4.** The adversary proceeding brought by the Trustee on April 25, 1996 is captioned *George E. Mills, Jr. v. Betty Jean Gurley,* Adv. Pro. No. 6:96–ap–00159–ABB. It was consolidated with the adversary proceeding captioned *United States of America v. William M. Gurley,* Adv. Pro. No. 6:95–ap–00293–ABB (in which the United States sought denial of Mr. Gurley's discharge pursuant to 11 U.S.C. § 727) for discovery and trial purposes.

**5.** Doc. Nos. 109 and 122 in Adv. Pro. No. 6:95–ap–00293–ABB.

**6.** Doc. No. 109 in *Id.*

This Court found none of the property purportedly transferred had been effectively transferred:

> At the time of the petition, the Debtor had an equitable interest in all of the property, real property, and cash transferred to Mrs. Gurley ... The Debtor is the effective owner of all property transferred to his wife and in an effort to secrete his ownership he made his wife his nominee ... All property transferred by the Debtor to his wife is property of the estate pursuant to 11 U.S.C. § 541(a)(1).

Trustee Judgment (Memo.Op.) at pp. 24–25. The Court further held: "Additionally, the Trustee may recover property fraudulently transferred by the Debtor with actual intent to hinder, delay, and defraud the United States as described by the Court pursuant to Fla. Stat. § 726.105, 28 U.S.C. § 3304, and 11 U.S.C. § 544(b)." *Id.* at p. 25.

Mrs. Gurley appealed the Trustee Judgment [7] and it was affirmed by the United States District Court for the Middle District of Florida, Orlando Division [8] and the Eleventh Circuit Court of Appeals.[9] The Eleventh Circuit Court of Appeals, *per curiam,* issued an unpublished written decision finding:

> The facts of this case at hand lead us to conclude that the debtor maintained equitable ownership of all the assets and properties at issue here. The debtor

was aware that a judgment against him (and not his wife) was imminent. He precipitously undertook to transfer certain assets and real property to his wife, the appellant, and to purchase assets in her name ... The appellant's arguments that the instant action is barred by a statute of limitations is unavailing. The statute of limitations applies where a party is seeking to set aside fraudulent transfers not, as here where there was no valid transfer in the first place.

Eleventh Circuit Decision at p. 4. The United States Supreme Court denied Mrs. Gurley's petition for writ of certiorari on April 30, 2001.[10] The findings of fact and conclusions of law contained in the Trustee Judgment and the related appellate decisions are adopted and incorporated herein.

The Trustee filed a $26,070,287.00 proof of claim in Mrs. Gurley's bankruptcy case based upon the Trustee Judgment and asserted equitable lien claims relating to Mr. Gurley's survivorship interest in certain assets. The Tennessee Bankruptcy Court allowed the Trustee's claim in the amount of $22,053,956.00.[11] Mrs. Gurley paid the claim through her confirmed plan. Mr. Gurley's bankruptcy estate consists of more than $22,000,000.00 from assets recovered through the Trustee Judgment.

Mrs. Gurley sought recovery of the funds paid to the Trustee by filing proofs of claim, Claim Nos. 3, 4, 8, and 9, in Mr.

---

7. Mr. Gurley appealed the denial of his discharge and the appeal was captioned in the District Court as *William M. Gurley v. U.S.A.,* Case No. 6:98–cv–00650–GKS. The appeal was dismissed by stipulation entered on October 19, 1998 (District Court Doc. No. 9) and the case was closed.

8. Affirmed by Order entered on August 9, 1999 by the District Court in *Betty Jean Gurley v. George E. Mills, Jr. (In re William Gurley),* Case No. 6:98–01169–CIVORL–18A

9. Affirmed by Judgment and opinion entered on September 20, 2000 in *Betty Jean Gurley v. George E. Mills, Jr. (In re Gurley),* Case No. 99–13416. The Judgment directed Mrs. Gurley to "pay to the defendant-appellee, the costs on appeal to be taxed in accordance with Fed.R.App.P. 39."

10. *Gurley v. Mills,* 532 U.S. 1009, 121 S.Ct. 1736, 149 L.Ed.2d 660 (2001).

11. *See* Doc. Nos. 358, 361, 362, 363, and 408 in Mrs. Gurley's bankruptcy case.

Gurley's case. The Trustee's objections to her claims were sustained and the claims were disallowed by Order entered on December 27, 2001 on the basis the doctrines of res judicata and collateral estoppel barred Mrs. Gurley's relitigation of the issues underlying the claims.[12] The Florida District Court[13] and the Eleventh Circuit Court of Appeals affirmed the decision and the Supreme Court denied certiorari.[14] The December 27, 2001 Order constitutes a final judgment on the merits. The findings of fact and conclusions of law contained in the Order and the related appellate decisions are adopted and incorporated herein.

Followell challenged the Trustee's receipt of Mrs. Gurley's plan payments through an adversary proceeding instituted in Mrs. Gurley's bankruptcy case asserting the Trustee Judgment should be set aside because it was obtained through fraud and Mrs. Gurley's confirmation order should be revoked.[15] The Tennessee Bankruptcy Court dismissed Followell's complaint on jurisdictional grounds and she appealed.[16] The United States District Court for the Western District of Tennessee reversed the ruling in part holding the Tennessee Bankruptcy Court has jurisdiction to consider the complaint, but made no determination as to the legal sufficiency of the complaint.[17] The Trustee appealed the District Court decision to the Sixth Circuit Court of Appeals, which dismissed the appeal on July 25, 2006. The adversary proceeding was held in abeyance[18] and Followell filed a motion on October 30, 2006 requesting a status conference be scheduled.[19]

### The EPA's Claims

Mr. Gurley's case has reached its final stage and the Trustee stands ready to distribute the estate's assets. The only claimants of Mr. Gurley's bankruptcy estate are the EPA, the Trustee and his counsel for costs incurred in the administration of the case.[20] A distribution surplus would be created, which would flow to Mr. Gurley, if the EPA was restricted from fully participating in the distribution of estate assets.

---

**12.** Doc. No. 231, published opinion: *In re William M. Gurley*, 311 B.R. 910 (Bankr. M.D.Fla.2001).

**13.** The appeal was designated as Case No. 6:02cv–192–ORL–22JGG in the Orlando Division and transferred to the Ocala Division and redesignated as Case No. 5:02–cv–00086–WTH.

**14.** *Followell v. Mills*, 90 Fed.Appx. 387 (11th Cir.2003) (decided without a published opinion), *cert. denied*, 541 U.S. 1086, 124 S.Ct. 2816, 159 L.Ed.2d 247 (June 7, 2004).

**15.** The adversary proceeding *Followell v. Mills*, Adv. Pro. No. 04–00335, was instituted by the Plaintiff on May 6, 2004 after she reopened Mrs. Gurley's closed bankruptcy case.

**16.** *See* Adv. Pro. No. 04–00335 Doc. Nos. 81, 82 (Memorandum Opinion and Order and Judgment), 85 (Notice of Appeal).

**17.** Order Affirming in Part, Reversing in Part, and Vacating in Part Decision of the Bankruptcy Court entered on April 6, 2006 in *Followell v. Mills*, Case No. 05–2423 (Doc. No. 106 in Adv. Pro.).

**18.** Order Holding Outstanding Issues in Abeyance entered on June 30, 2006 (Doc. No. 112).

**19.** Doc. No. 114. Additionally, the Trustee filed a motion for sanctions against Followell in the Tennessee adversary proceeding (Doc. Nos.94, 96) and it was denied *without* prejudice (Doc. No. 107).

**20.** The IRS' Claim No. 1 for $26,544.68 was satisfied. Claim Nos. 10 and 12 (filed in error by the EPA) were withdrawn (Main Case Doc. No. 328). Claim Nos. 5 and 6 were disallowed (Main Case Doc. Nos. 349, 350).

The EPA filed claims based upon judgments in favor of the EPA entered by the United States District Court for the Eastern District of Arkansas ("Arkansas District Court") and the United States District Court for the Western District of Tennessee, Western Division ("Tennessee District Court"). The Arkansas District Court entered judgment in favor of the EPA and against the Debtor and others in 1992 for clean-up costs for the Edmonson Site in the amount of $1,786,502.95, awarded prejudgment interest [21] and granted the EPA a declaratory judgment for all future clean-up costs associated with the Edmondson Site.[22] The judgment against Mr. Gurley was affirmed by the Eighth Circuit Court of Appeals and the Supreme Court denied the certiorari petition.[23]

The Defendant instituted a separate CERCLA action in the Tennessee District Court regarding requests for information for the South 8th Street Site. The Tennessee District Court entered judgment on November 27, 2002 [24] in favor of the EPA and against Mr. Gurley and others in the amount of $1,908,000.00 for civil penalties.[25] The judgment was affirmed by the Sixth Circuit Court of Appeals and the rehearing request was denied.[26]

The EPA timely filed Claim No. 2 for $14,784,143.95 and amended the claim by Claim No. 7 for $23,757,240.00 for costs incurred and to be incurred at the Edmondson Site, post-judgment response costs pursuant to the declaratory judgment, and interest. The claim also contains response costs for the South 8th Street Site plus interest. The EPA filed Claim No. 11 on March 3, 2006 for $1,325,628.72 based upon the Tennessee District Court civil penalties judgment. The EPA amended Claim No. 11 by Claim No. 13 filed on March 6, 2006 (for the same amount of $1,325,628.72) in order to attach three exhibits it had mistakenly failed to include with Claim No. 11.

Mr. Gurley objected to Claim No. 7 and filed a motion to withdraw the reference.[27] The adjudication of Claim No. 7 was transferred to the Arkansas District Court.[28] The Arkansas District Court entered judgment in favor of the EPA for $20,965,247.12, plus interest from July 24, 2002 through the date of judgment, plus post-judgment interest at the rate of 1.23%, plus a declaratory judgment for all future response costs at the South 8th Street Site.[29] The judgment was affirmed by the Eighth Circuit Court of Appeals on April 27, 2006 and Mr. Gurley did not file a

21. *U.S. v. Gurley Refining Co.*, 788 F.Supp. 1473, 1484 (E.D.Ark.1992), *aff'd in part and rev'd in part*, 43 F.3d 1188 (8th Cir.1994) (affirming the District Court's imposition of liability on Mr. Gurley and his son and reversing the judgment imposed on the company), *cert. denied, Gurley v. U.S.*, 516 U.S. 817, 116 S.Ct. 73, 133 L.Ed.2d 33 (1995).

22. *Id.* at 1485.

23. *See supra* Note 21.

24. These proceedings were delayed due to the automatic stay that arose upon Mr. Gurley's filing for bankruptcy protection.

25. *U.S. v. Gurley*, 235 F.Supp.2d 797 (W.D.Tenn.2002) (assessing civil penalty of

$1,908,000 against Mr. Gurley for CERCLA violations), *aff'd*, 384 F.3d 316 (6th Cir.2004), *reh'g en banc denied* Jan. 6, 2005.

26. *Id.*

27. Main Case Doc. Nos. 85, 98.

28. *See* Main Case Doc. Nos. 85, 98, 99, 184, 191.

29. *United States of Am. v. Gurley*, 317 F.Supp.2d 870 (E.D.Ark.2004), *aff'd*, 434 F.3d 1064 (8th Cir.2006) (affirming the district court's judgment entered against Gurley and the denial of his motion for reconsideration).

petition for certiorari.[30] The judgment award exceeds the amount of Claim No. 7. The EPA has not amended Claim No. 7. Claim No. 7 constitutes an allowed claim.

Mr. Gurley objected to Claim Nos. 11 and 13.[31] Claim No. 13 was allowed as a late-filed claim in the amount of $1,264,000.00 by Order entered on May 17, 2006, which provides: "Any payments, including any payments of interest, on this allowed late-filed claim shall be made in accordance with the provisions of 11 U.S.C. § 726."[32] The May 17, 2006 Order was not appealed. It is a final non-appealable order decided on the merits. The EPA holds two allowed claims, Claim Nos. 7 and 13, and is entitled to payment of its claims from property of the estate pursuant to the Bankruptcy Code distribution scheme.

### The Plaintiffs' Adversary Proceeding

The Plaintiffs seek through their Complaint a declaratory judgment declaring the EPA is barred from having any allowed portion of its claims paid from the funds recovered by the Chapter 7 Trustee. The Plaintiffs contend the EPA is not entitled to distribution of assets because the Trustee, and not the EPA, was responsible for recovering the assets. The Plaintiffs argue collateral estoppel, res judicata, and various statutes of limitations prevented the EPA from bringing or prevailing in asset recovery actions and it cannot receive any assets it could not have recovered itself. The Plaintiffs are attempting to relitigate matters that were long since decided. Their arguments are identical to those presented by Followell and the Gurleys in this and other courts.

The Trustee has recovered over $22,000,000.00 by virtue of the Trustee

Judgment and payment of his allowed claim through Mrs. Gurley's confirmed plan. All of the funds recovered the Trustee constitute property of the estate and are subject to distribution in accordance with the Chapter 7 distribution scheme. The EPA holds two allowed claims and is entitled to payment pursuant to the statutory distribution scheme. The Plaintiffs are barred by collateral estoppel, res judicata, and the law of the case from challenging the Trustee's recovery of the $22,000,000.00, the allowance of the EPA's claims, and the EPA's right to receive distribution.

The Plaintiffs' Complaint is an attempt to relitigate issues and claims decided on their merits in previous litigation. Final judgments and orders were issued by this Court, the Tennessee Bankruptcy Court, the United States District Courts of Florida, Arkansas and Tennessee, and the United States Courts of Appeals for the Sixth, Eighth and Eleventh Circuits, which are all courts of competent jurisdiction. The present causes of action and issues are identical to those litigated previously. Followell, as the Executrix of her mother's estate, is in privity with Mrs. Gurley. The parties involved in the previous litigation are identical to, or in privity with, the parties of this adversary proceeding. No new evidence, changes in the law, or erroneous decisions creating a manifest injustice exist. The Plaintiffs are barred by the doctrines of res judicata, collateral estoppel, and the law of the case from relitigating the claims contained in their Complaint.

The plain and unambiguous provisions of the Bankruptcy Code preclude the relief sought by the Plaintiffs. The Plaintiffs

---

30. *Id.*

31. Main Case Doc. No. 324.

32. Main Case Doc. No. 330. Claim No. 11 was disallowed as it was amended and replaced by Claim No. 13.

can establish no set of facts that would support the claims in the Complaint. They have failed to state a claim upon which relief can be granted. The Complaint is due to be dismissed.

## CONCLUSIONS OF LAW

The filing of a bankruptcy case creates an estate comprised of real and personal property including "all legal or equitable interests of the debtor in property as of the commencement of the case" and "any interest in property that the trustee recovers under section 329(b), 363(n), 543, 550, 553, or 723." 11 U.S.C. §§ 541(a)(1), (a)(3) (2005). A bankruptcy court has exclusive jurisdiction to determine which creditors are entitled to share in a distribution of the property of the estate. 28 U.S.C. § 1334(e); *Tennessee Student Assistance Corp. v. Hood,* 541 U.S. 440, 447, 124 S.Ct. 1905, 158 L.Ed.2d 764 (2004).

The Debtor attempted to hide assets pre-petition by fraudulently transferring, or purporting to transfer, assets to his wife. The Trustee Judgment, affirmed by the District Court and the Eleventh Circuit Court of Appeals, determined the assets transferred by the Debtor, or purportedly transferred, to Mrs. Gurley constitute property of the estate pursuant to 11 U.S.C. § 541(a)(1). The determination is not subject to further appeal and is a final judgment on the merits.

■ The Trustee instituted a recovery action pursuant to his strong-arm powers and reduced the assets to money pursuant to 11 U.S.C. § 704(a)(1). "These avoiding powers exist to implement the goal of every insolvency statute, which is the equal distribution of a debtor's assets among its general non-priority creditors." 5 COLLIER ON BANKRUPTCY ¶ 544.01, at 544–3 (15th ed. rev.2005). The estate consists of more than $22,000,000.00 for the benefit of the creditors. The allowance of the Trustee's

claim in Mrs. Gurley's case and its payment pursuant to Mrs. Gurley's confirmed plan, which resulted in the Trustee's reduction of estate assets to money, are final determinations rendered by courts of competent jurisdiction on the merits not subject to further appeal. The $22,000,000.00 constitutes property of the estate pursuant to 11 U.S.C. §§ 541(a)(1) and (a)(3).

■ The Plaintiffs are barred from challenging the Trustee Judgment, the allowance and payment of the Trustee's claim, the recovery of over $22,000,000.00 by the Trustee, and that the recovered funds constitute property of the estate by the doctrines of res judicata, collateral estoppel, and the law of the case.

Section 726 establishes the order of distribution of property of the estate in Chapter 7 cases. It provides "property of the estate *shall* be distributed" and delineates six distribution tiers with claimants holding allowed § 507 priority claims paid first and the debtor paid last, if any funds remain. 11 U.S.C. § 726(a) *(emphasis added).* Allowed unsecured timely filed claims are second in payment and allowed unsecured claims tardily filed by a creditor who had notice of the case are third in payment. 11 U.S.C. §§ 726(a)(2), (a)(3).

An allowed claim is defined as:

A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of this title, objects.

11 U.S.C. § 502(a). The EPA filed claims pursuant to § 501. The Debtor objected to Claim Nos. 7, 11, and 13. The objection to Claim No. 7 was resolved by the Arkansas District Court, which entered judgment in favor of the EPA, in an amount that exceeds the amount of Claim No. 7.

The judgment was affirmed on appeal and is not subject to further appeal. The objection to Claim No. 13 was resolved by the Order entered on May 17, 2006[33] determining the claim to be an allowed late-filed claim and entitled to distribution in accordance with the provisions of 11 U.S.C. § 726.[34] This Order is a final non-appealable order on the merits.

▆▆▆ The Plaintiffs are barred from challenging Claim Nos. 7 and 13 by the doctrines of res judicata, collateral estoppel, and law of the case. The EPA holds two allowed unsecured claims, Claim Nos. 7 and 13, pursuant to § 502. The estate assets shall, pursuant to the explicit and unambiguous language of § 726(a), be distributed in accordance with the Chapter 7 distribution scheme. The EPA is entitled to distribution on its allowed claims in accordance with § 726(a).

The Plaintiffs contend the funds held by the Trustee must be apportioned so the EPA's claims are paid only with funds the EPA could have recovered itself through timely transfer recovery actions. The relief sought by the Plaintiffs runs counter to the core precepts of the bankruptcy process.

> Property belonging to the estate is protected from the piecemeal reach of creditors ... It is this central aggregation of property that promotes the effectuation of the fundamental purposes of the Bankruptcy Code: the breathing room given to a debtor that attempts to make a fresh start, and the equality of distribution of assets among similarly situated creditors, according to the priorities set forth within the Code. It is from this central core of estate property that the debtor's creditors will be paid.

5 COLLIER ON BANKRUPTCY ¶ 541.01, at 541–8.2. The funds held by the Trustee constitute property of the estate, which must remain an undivided unified whole. The Code mandates the funds shall be distributed in accordance with the § 726(a) distribution scheme.

▆▆▆ The Plaintiffs' position contradicts the Code's strong-arm recovery provisions. The Plaintiffs contend the EPA was required to bring certain recovery actions, but failed to bring and/or was barred in bringing such actions by statutes of limitations. The EPA had no duty or authority to seek recovery of estate assets or to collect and reduce to money property of the estate. The strong-arm recovery powers of § § 544, 545, 547, 548, 549, 550, and 553 are granted only to a trustee.[35] The Trustee's rights and duties to collect and reduce to money the property of the estate pursuant to § 704 are exclusive rights and may not be asserted by the creditors.

The Trustee recovered property of the estate through the exercise of his strong-arm powers.[36] He has fulfilled the directives of § 704(1). The funds held by the Trustee constitute property of the estate pursuant to §§ 541(a)(1) and (3) and must be distributed to allowed claim holders in accordance with the § 726(a) distribution scheme. Any allowed priority § 507 claims of the Trustee and his counsel are to be paid first and the remaining

---

33. Main Case Doc. No. 330.

34. Claim No. 11 was disallowed as it was amended and replaced by Claim No. 13.

35. Each of these provisions specifically provide in their opening paragraphs only a *trustee* may exercise such powers as are contained in the provision.

36. The Trustee was empowered to recover assets transferred, or purportedly transferred, to Mrs. Gurley by the strong-arm powers of, but not limited to, 11 U.S.C. §§ 544(b), 550, and applicable Florida state law statutory provisions.

estate assets are to be distributed to the EPA on its allowed claims, Claim Nos. 7 and 13, pursuant to § 726(a).

The EPA seeks dismissal of the Plaintiffs' Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to bankruptcy proceedings through Federal Rule of Bankruptcy Procedure 7012. Rule 12(b)(6) requires dismissal where a claimant has failed to state a claim upon which relief can be granted. Dismissal is appropriate where "it is clear the plaintiff can prove no set of facts in support the claims in the complaint." *South Fla. Water Mgmt. Dist. v. Montalvo*, 84 F.3d 402, 406 (11th Cir.1996). Stated another way, dismissal is appropriate when "on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir.1993). A complaint in which the claimant fails to state a claim upon which relief can be granted will result in dismissal pursuant to Rule 12(b)(6). *Daewoo Motor Am., Inc. v. General Motors Corp.*, 459 F.3d 1249, 1271 (11th Cir.2006); *Snow v. DirecTV, Inc.*, 450 F.3d 1314 (11th Cir. 2006); *Davila v. Delta Air Lines*, 326 F.3d 1183, 1185 (11th Cir.2003).

A court in determining a Rule 12(b)(6) motion may take judicial notice of the public record including documents filed and the record in other judicial proceedings, without converting the motion to dismiss to one for summary judgment, "because such documents are capable of accurate and ready determination." *Martin K. Eby Construction Co., Inc. v. Jacobs Civil, Inc.*, Case No. 3:05–cv–394–J–32TEM, 2006 WL 1881359 at *1 (M.D.Fla. July 6, 2006); *see also, Universal Express, Inc. v. SEC*, 177 Fed.Appx. 52, 53–54 (11th Cir.2006); *Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1279–80 (11th Cir.1999).

The Court takes judicial notice of the cases referenced hereinabove, their records, their dockets, and their judgments.

Res judicata bars relitigation of matters decided in a prior proceeding if: (i) the prior decision was rendered by a court of competent jurisdiction; (ii) there was a final judgment on the merits; (iii) the parties were identical in both suits; and (iv) the prior and present causes of action are the same. *Citibank, N.A. v. Data Lease Fin. Corp.*, 904 F.2d 1498, 1501 (11th Cir.1990). "A final judgment on the merits bars further claims by parties or their privies based on the same cause of action." *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979). " 'Privity' is a flexible legal term, comprising several different types of relationships and generally applying when a person, although not a party, has his interests adequately represented by someone with the same interests who is a party." *EEOC v. Pemco Aeroplex, Inc.*, 383 F.3d 1280, 1286 (11th Cir.2004). Collateral estoppel precludes the relitigation of an issue that has already been litigated and resolved in a prior proceeding. *Pleming v. Universal–Rundle Corp.*, 142 F.3d 1354, 1359 (11th Cir.1998).

The doctrine of the law of the case provides "when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case ... This rule of practice promotes the finality and efficiency of the judicial process by 'protecting against the agitation of settled issues.' " *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 815–16, 108 S.Ct. 2166, 100 L.Ed.2d 811 (1988) *(citations omitted)*. The doctrine applies equally to decisions rendered by coordinate courts. *Id.* at 816, 108 S.Ct. 2166. The Eleventh Circuit Court of Appeals recognizes certain narrow exceptions to the doctrine: new evidence brought to the court's attention,

change in the law, and a decision made in "clear error" creating a "manifest injustice." *Royal Ins. Co. v. Latin Am. Aviation Serv.*, 210 F.3d 1348, 1350 (11 th Cir.2000).

The judgments and orders entered by this Court, the Tennessee Bankruptcy Court, the United States District Courts of Florida, Arkansas and Tennessee, and the United States Courts of Appeals for the Sixth, Eighth and Eleventh Circuits are final judgments on the merits rendered by courts of competent jurisdiction. The cases underlying the judgments involve the same operative facts contained in the Plaintiffs' Complaint and the same parties, or parties in privity with the original parties. The issues raised on the Complaint have already been litigated and resolved in prior proceedings.

The findings of fact and conclusions of law issued by the courts are binding in this proceeding. The judgments and orders are entitled to preclusive effect. None of the exceptions to the law of the case doctrine apply. The claims raised by the Plaintiffs in their Complaint are barred by res judicata, collateral estoppel, and law of the case.

The Bankruptcy Code precludes the relief sought by the Plaintiffs. The Plaintiffs cannot establish any facts that would support the claims contained in the Complaint. The Plaintiffs have failed in their Complaint to state a claim upon which relief can be granted. Their Complaint is due to be dismissed pursuant to Rule 12(b)(6).

Accordingly, it is

**ORDERED, ADJUDGED and DE-CREED** that the Defendant's Motion to Dismiss is hereby **GRANTED** and the above-captioned adversary proceeding is hereby **DISMISSED.**