# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-3017

_____

Cheryl Jane Followell, As Executrix     *
of the Estate of Betty Jane Gurley;     *
Gurley Refining Company, a     *
Partnership; William M. Gurley,     *
    *
        Plaintiffs - Appellants,     *
    *    Appeal from the United States
     v.     *    District Court for the Eastern
    *    District of Arkansas.
United States of America,     *
    *
        Defendant - Appellee.     *

_____

Submitted: May 15, 2008
Filed: July 3, 2008

_____

Before LOKEN, Chief Judge, BEAM and BYE, Circuit Judges.

_____

BYE, Circuit Judge.

Cheryl Followell, as executrix, brings this action on behalf of the estate of her deceased mother, Betty Gurley. Followell and Gurley Refining Company ("GRC") (collectively, "Plaintiffs") appeal an order of the district court[1] dismissing this action for failure to state a claim. We affirm.

_____

[1]The Honorable William R. Wilson. Jr., United States District Judge for the Eastern District of Arkansas.

The dispute between Plaintiffs and the Environmental Protection Agency ("EPA") has, as the district court noted, "a long and tortuous history" reaching back more than twenty years when the EPA filed a civil action in 1987 alleging Plaintiffs violated the Comprehensive Environmental Response Compensation and Liability Act of 1980 ("CERCLA"). The parties are familiar with the factual and procedural history, which is also recited in the district court's opinion, Followell v. United States, No. 4:07CV00225WRW, 2007 WL 1959152 (E.D. Ark. July 02, 2007). Thus, we repeat only minimal facts as relevant here. The EPA initially brought suit against GRC, Gurley Refining Company, Inc., R.A. Caldwell, William Martin Gurley, Betty Gurley, and Larry Gurley. Later, the CERCLA claims against Betty Gurley and GRC, who are herein Plaintiffs, were dismissed with prejudice. The remaining defendants were eventually found liable for almost $20 million as a result of two separate successful CERCLA suits.

During the course of the CERCLA litigation, William Gurley fraudulently transferred roughly $17 million in assets to Betty Gurley. After judgment was entered against him, he declared bankruptcy. For over a decade, William Gurley, Betty Gurley, and GRC have engaged in "vexatious litigation" to prevent the EPA from collecting the debt. Multiple federal courts, including the Eleventh Circuit and bankruptcy courts in Florida and Tennessee, have held the EPA is entitled to the assets transferred to Betty Gurley. Plaintiffs filed this action on March 15, 2007, seeking a declaratory judgment claiming the EPA is barred from seeking any portion of its claim from the fraudulent transfers to Betty Gurley because it failed to pursue a fraudulent conveyance action in the original CERCLA suit.

The district court dismissed Plaintiffs' claim with prejudice on the grounds of res judicata and collateral estoppel, finding Plaintiffs had more than ample opportunity to litigate their claims, and have in fact recently litigated this same claim in Bankruptcy Court in Orlando, Florida. See In re Gurley, 357 B.R. 868 (Bankr. M.D. Fla. 2006). After a careful de novo review, Lundquist v. Rice Mem'l Hosp., 238 F.3d

975, 976 (8th Cir. 2001) (setting forth the standard of review), we agree with the district court's conclusion res judicata precludes Plaintiffs' "relitigation of a claim on grounds that were raised or could have been raised in the prior action." Lane v. Peterson, 899 F.2d 737, 741 (8th Cir. 1990).[2]  As the district court appropriately stated:

> Plaintiffs have litigated and relitigated the issue of the EPA's entitlement to funds that are part of the Gurley bankruptcy estate.  They have brought the same claims under various guises, but the substance is always the same . . . . Plaintiffs have engaged in vexatious litigation, clogging the dockets of bankruptcy courts, district courts, appellate courts, and the United States Supreme Court . . . . Plaintiffs are playing fast and loose with the Court in their ongoing attempt to avoid payment of the judgment EPA obtained in the CERCLA actions.  Their efforts have involved numerous court orders, all adverse to their position.  It is time to stop wasting judicial resources with frivolous arguments.

Followell, 2007 WL at *6-7.

For the reasons stated by the district court in its opinion, we affirm its decision pursuant to Eighth Circuit Rule 47B.

_____

_____

[2]The Lane court notes, "In its generic sense 'res judicata' is a broad term that encompasses both issue preclusion and claim preclusion."  899 F.2d at 741 n.3 (internal citations omitted).